### H. WADSWORTH *vs.* J. J. F. BLAKE.

### June 20, 1890.

**Mortgage—Payment—Subrogation.**—Where one claiming title to land voluntarily discharged a mortgage thereon given by his grantor, and a third party is subsequently adjudged to be the owner in fee, these facts are not alone sufficient to entitle the former to have the amount so paid adjudged a charge upon the land as against the latter.

Appeal by plaintiff from an order of the district court for McLeod county, *Edson*, J., presiding, sustaining a demurrer to a complaint which stated the facts in substance as follows: On and long prior to December 20, 1875, one E. O. Huntington was owner in fee of certain described land in McLeod county, and on that day executed to one Gifford a mortgage thereon, with power of sale, which was duly recorded, and continued to be until satisfied by plaintiff a valid lien on the land. On April 22, 1880, the mortgage was duly foreclosed by sale under the power, one Dewees being the purchaser at the price of $670, and receiving the proper sheriff's certificate, which was recorded four days later. On May 1, 1878, Huntington conveyed the land to one Shoutz, who on February 9, 1880, conveyed to plaintiff, who has ever since been owner in fee, except as hereinafter stated. On February 24, 1882, plaintiff brought suit against Dewees (the purchaser) and the sheriff for redemption of the land from the foreclosure sale, which suit was tried at the May term, 1882, and on February 1, 1884, judgment was entered adjudging plaintiff to be the owner

of the land, and as such owner entitled to redeem from the sale. In pursuance of this judgment and in good faith, and for the purpose of redemption from the sale, the plaintiff on April 10, 1884, paid the full amount of the mortgage, with costs of foreclosure, etc., thereby fully satisfying it. Before this action was brought, the defendant brought suit against plaintiff in the same court to quiet title to the land, in which suit, on February 21, 1887, judgment was rendered adjudging this defendant to be owner in fee of the land and this plaintiff to have no title thereto. The prayer for judgment is that the sum of $724.06 so paid by him, with interest, be decreed to be a charge on the land, and for a sale of the land to satisfy it.

*W. F. Schoregge,* for appellant.

*Little & Nunn,* for respondent.

VANDERBURGH, J. The complaint shows that, while plaintiff claimed to be owner in fee of the premises in question here, he paid off and discharged, by way of redemption from a foreclosure sale, a mortgage given by his grantor, one Huntington, upon the land, and which he alleges was a valid lien and charge thereon. Subsequently this defendant recovered a judgment against him, by which plaintiff was adjudged to have no title to the premises, and the defendant was decreed to be the lawful owner of the land. The origin or source of defendant's title or when acquired does not appear. Upon these facts plaintiff asks, in substance, to have judgment in his favor declaring the sum paid by him for the redemption of the premises from the mortgage above referred to, to be a lien or charge upon the land by reason of the facts above stated. There does not appear to be any ground, legal or equitable, upon which such a claim can be supported upon the facts alleged. It does not appear that defendant owes plaintiff any duty in respect to the land, or otherwise to reimburse him, or to have the lien of the mortgage restored, or the amount paid to discharge the same made a charge on the land.

Order affirmed.